IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN NATIONAL LLOYDS INSURANCE CO.,<br>          Plaintiff,<br><br>v.<br><br>MICHELANGE ALEXIS,<br>REAL ESTATE BROTHERS, LLC,<br>          Defendants. | CIVIL ACTION<br><br><br><br>NO. 23-130 |

### MEMORANDUM

**HODGE, J.**                                                                                                                                       **March 24, 2025**

Plaintiff American National Lloyds Insurance Company ("ANLIC") has filed a declaratory judgment action against Defendants Michelange Alexis and Real Estate Brothers, LLC (collectively "Defendants"), seeking a declaratory judgment that ANLIC has no duty to defend and no duty to indemnify Defendants against claims asserted against them in a pending civil action in the Court of Common Pleas in Berks County, PA. (*See* ECF No. 1.) The underlying action involves claims by Plaintiffs Ernesto and Ana Rosa alleging negligence and loss of consortium following a workplace accident. (*See* ECF No. 1 at 10-26.) Before the Court is Defendant's Motion to Dismiss Plaintiff ANLIC's claims. For the following reasons, Defendants' Motion is granted.

    **I.**        **FACTUAL BACKGROUND**[1]

Taking the allegations in the Complaint as true, the relevant facts are as follows. The present case arises out of another lawsuit involving an accident which allegedly occurred on or about April 28, 2021, at a construction site in Reading, PA (hereinafter, "the underlying lawsuit"). (ECF No. 1, ¶ 9.) The underlying lawsuit, brought by Ernesto and Ana Rosa, alleges

---

[1]     The Court adopts the pagination supplied by the CM/ECF system.

that Ernesto "was working as a roofer in the scope of his employment" when he fell from the roof of a building at the construction site, resulting in severe bodily injury, including various fractures, burns, and lacerations. (*Id.* ¶ 12, 10.) The underlying lawsuit alleges that Real Estate Brothers and/or Alexis "owned, maintained, possessed, and/or controlled" the Reading construction site. (*Id.* ¶ 11.) The underlying lawsuit alleges Defendants were negligent in numerous ways, including by failing to inspect the premises for dangerous conditions, failing to provide Ernesto a safe workplace, failing to coordinate with other entities and subcontractors, and more. (*Id.* ¶ 13(a)-(o).)

ANLIC is an insurance company which issued an insurance policy (policy number OSCESIN33) to named insured Connected Investors Real Estate Insurance Services, LLC, with a policy period of 5/1/2020-5/1/2021 (hereinafter "the Policy"). (*Id.* ¶ 14; ECF No. 1 at 28.) The Policy provided: "Named Insured Recognition: Owners of the reported properties are hereby added as an Additional Named Insured and/or Mortgagee as their interests may appear. Their insurance interest ends when the property is sold." (ECF No. 1 at 28.) Therefore, Plaintiff alleges, if Real Estate Brothers, LLC or Alexis were owners of the construction site in Reading, and the site was a reported property, Defendants would be Additional Named Insureds under the Policy. (*Id.* ¶ 16.) The Policy also included a section stating:

> **COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. INSURING AGREEMENT:**
> a. **We** will pay those sums that the **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any **suit** seeking those damages. However, **we** will have no duty to defend the **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply.

(emphasis in original) (ECF No. 1 at 30.) In addition, the Policy contained the following "Independent Contractor Exclusion Endorsement":

> It is agreed that this insurance does not apply to bodily injury, property damage, personal injury, advertising injury or medical payments to:
> 1. Any employee, temporary worker or leased worker of independent contractors arising out of operations performed for you by said independent contractors or your acts or omissions in connection with the supervision of such operations; or
> 2. The spouse, child, parent, brother or sister of that employee, temporary worker or leased worker as a consequence of 1. above.

(ECF No. 1 at 57.) Following the filing of the underlying lawsuit, Defendants submitted a claim to ANLIC under the Policy seeking coverage for the claims in the underlying lawsuit. (*Id.* ¶ 19.) ANLIC alleges that information submitted with the claim for coverage indicated that Ernesto Rosa worked for E.N.T. Roofing, which Real Estate Brothers, LLC hired as an independent contractor to perform roofing work on the construction site. (*Id.* ¶ 20.) ANLIC alleges that at the time of Rosa's accident, Real Estate Brothers, LLC owned the property in Reading. (*Id.*)

## II.     LEGAL STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678 (citation omitted). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

The pleading standard does not require a plaintiff to establish the elements of a *prima facie* case, but they must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal citations omitted). However, "conclusory or 'bare-bones' allegations will [not] survive a motion to dismiss." *Id*. at 210. "To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Id*.

### III.   DISCUSSION

ANLIC seeks a declaratory statement that it owes no duty to defend or duty to indemnify Defendants for the claims asserted in the underlying lawsuit based on the express language of the Policy. (ECF No. 1 ¶ 23.) The Policy excludes coverage for bodily injury "to [a]ny employee, temporary worker or leased worker of independent contractors arising out of operations performed for [Real Estate Brothers, LLC or Michelange Alexis] by said independent contractors or [Real Estate Brothers, LLC or Michelange Alexis'] acts or omissions in connection with the supervision of such operations." (*Id.* ¶ 24.) ANLIC asserts that Rosa was working "as a roofer in the scope of his employment and was performing work on the roof for the owner of the premises," as an employee of an independent contractor when he was injured in the event that led to the underlying lawsuit, thus, there is no coverage for either Real Estate Brothers, LLC or Alexis in their capacities as owners of the property. (*Id.* ¶¶ 25-26.) In the alternative, ANLIC states that if Defendants argue they were *not* the owners of the site at the time of Rosa's accident, then Defendants would not qualify as Additional Named Insureds under the Policy, and therefore would not be eligible for coverage. (*Id.* ¶ 27.)

Defendants argue that Plaintiff's claim fails as a matter of law because: 1) the exclusion Plaintiff relies on does not apply on the face of the allegations in the underlying complaint; 2)

4

extrinsic evidence cannot be considered in determining an insured's duty to defend; and 3) ANLIC's claim regarding indemnification is premature and unripe, thus, subject to dismissal. (ECF No. 9-1 at 6.)

"Under Pennsylvania law, the duty to defend is distinct from, and broader than, the duty to indemnify. . . . The duty to defend arises when a complaint filed by an injured party may potentially come within the policy's coverage. The duty to indemnify 'arises only when the insured is determined to be liable for damages within the coverage of the policy.'" *AMCO Ins. Co. v. AIM Leasing*, No. CV 21-2741, 2023 WL 2163914, at *3 (E.D. Pa. Feb. 21, 2023) (internal citations omitted).

1. **Duty to Defend**

Defendants assert that Plaintiff is unable to meet its burden of establishing that the Independent Contractor Exclusion Endorsement ("the Exclusion") applies. (ECF No. 9-1 at 12.) In order for ANLIC to be able to exclude coverage under the Exclusion, 1) the coverage sought must be for "bodily injury" for an "employee, temporary worker, or leased worker of independent contractors," and 2) the "bodily injury" must "arise out of operations performed for Defendant-insureds by said independent contractors or [Defendant-insureds'] acts or omissions in connection with the supervision of such operations." (*Id.* at 12, citing ECF No. 1 at 57.) Defendants argue the Exclusion does not apply because the allegations in the underlying lawsuit complaint do not clearly and unambiguously show that Ernesto Rosa was an employee, temporary worker or leased worker of independent contractors, nor does the complaint contain allegations that Rosa's injuries arose from his operations performed for Defendants, or from Defendants' acts or omissions in supervising Rosa. (ECF No. 9-1 at 12-13.) According to Defendants, the underlying complaint lacks any specific facts regarding who Rosa worked for,

who hired him, or whether he was an employee or independent contractor. (*Id.* at 13.) The underlying complaint *does* claim that Defendants' acts or omissions caused Rosa's injuries, however, Defendants state that the complaint does not allege that the Defendants were supervising Rosa, or had a duty to do so. (*Id.*)

ANLIC responds that "because the [underlying] complaint nowhere alleges that Rosa was an employee of Defendants, of necessity [Rosa] is averring that he was employed by a contractor independent of Defendants. Accordingly, there is no coverage under the policy." (ECF No. 10-1 at 7.)[2]

"[T]he question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint." *Lupu v. Loan City, LLC*, 903 F.3d 382, 389 (3d Cir. 2018) (quoting *American & Foreign Ins. Co. v. Jerry's Sport Center, Inc.*, 2 A.3d 526, 541 (Pa. 2010)). An insurer must defend the insured "if the factual allegations of the complaint or on its face encompass an injury that is actually or potentially within the scope of the policy." *Jerry's Sport Center, Inc.*, 2 A.3d at 541. If an insurer relies on exclusionary language in the insurance contract as the basis to refuse to defend a claim, the insurer bears the burden of proving this affirmative defense. *Madison Const. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999) (internal citations omitted).

In closely reading the underlying complaint, the Court is not satisfied that the Exclusion applies. The underlying complaint states that "Rosa was working within the scope of his employment," however, as all parties acknowledge, there is no additional information about who Rosa's employer was. (*See generally* ECF No. 1 at 12-25.) The Court is not persuaded by Plaintiff's logic that it is therefore inevitable that Rosa was employed by an independent

---

[2] Plaintiff raises an alternative argument based on other language in the Policy excluding coverage for bodily injury to employees "in the event Defendants are positing . . . that Rosa was, in fact, employed by them." (ECF No. 10-1 at 8.) However, Defendants do not adopt that alternative argument, therefore, the Court will not address it.

contractor, because the underlying complaint similarly lacks detail about the roles of and relationships between the Defendants. (*Id.*) At this point the Court lacks information to determine conclusively that ANLIC does not have a duty to defend Defendants. The Court believes the injury is *potentially* within the scope of the policy. Therefore, the Court will not issue a declaratory statement that ANLIC has no duty to defend Defendants in the underlying lawsuit.

2. **Duty to Indemnify**

Defendants also argue that ANLIC improperly relies on extrinsic evidence to support its claim that it need not provide coverage to Defendants. (ECF No. 9-1 at 14.) Defendants cite to ANLIC's claim that the Exclusion applies based on "the underlying lawsuit *and as indicated in information provided to ANLIC.*" (*Id.* citing ECF No. 1 ¶ 25 (emphasis in original).) Defendants argue that this "other information" is extrinsic evidence that the Court may not consider in determining coverage. (*Id.* at 14.)

Defendants point to two pieces of so-called "extrinsic evidence" they allege Plaintiff relies on. The first is Exhibit C appended to Plaintiff's complaint, a document entitled "RYAN TURNER SPECIALTY Connected Investors Claim Cover Sheet," which reads "Liability: Hired a roofer Ernesto, to redo the roof at the property." (*Id.*, citing ECF No. 1 at 64.) The second is a line in Plaintiff's complaint stating that "information provided to ANLIC in connection with the submission of the claim has indicated that the company for which Rosa was working, E.N.T. Roofing was hired as an independent contractor to provide roofing work for Real Estate Brother LLC on the subject property, which was owned by Real Estate Brothers LLC at the time of the incident." (*Id.*, citing ECF No. 1 ¶ 20.)

7

Defendants also argue that the declaratory relief Plaintiff seeks with respect to its duty to indemnify is premature, because the underlying lawsuit is still pending. (ECF No. 9-1 at 16-17.) "Because a liability insurer's duty to indemnify its insured is a conditional obligation that is governed by the actual facts as established at trial in the underlying action . . . a request for declaratory relief regarding an insurer's duty to indemnify its insureds is legally premature and unripe." (*Id.* at 17.) Therefore, Defendants argue, this case should be dismissed. (*Id.*)

Plaintiff responds that whether a court may consider evidence outside of the four corners of the underlying complaint depends on the point in the litigation. (ECF No. 10-1 at 9.) At the time coverage for defense is initially determined, the court is bound by the four corners rule. (*Id.*) However, the court may rely on extrinsic evidence when there is a subsequent withdrawal of coverage once the facts establish no coverage exists under the insurance policy. (*Id.*)

ANLIC is correct that once the question of whether a party has a duty to defend has been resolved, courts may rely on extrinsic evidence to determine whether the insurer has a duty to indemnify. "Unlike the duty to defend, the duty to indemnify cannot be determined merely on the basis of whether the factual allegations of the complaint potentially state a claim against the insured. Rather, there must be a determination that the insurer's policy actually covers a claimed incident. . . . [An insurer] may rely upon evidence outside the underlying complaint to prove that it has no duty to indemnify the underlying claim." *State Farm Fire & Cas. Co. v. Cooper*, No. CIV.A. 00-5538, 2001 WL 1287574, at *4 (E.D. Pa. Oct. 24, 2001) (internal citations omitted.)

However, Defendants are also correct that until liability is determined in the underlying case, it is premature for a court to rule on an insurer's duty to indemnify. *See AIM Leasing*, 2023 WL 2163914, at *3 ("Numerous courts in this Circuit have held that declaratory judgments

concerning an insurer's duty to indemnify are not ripe before the insured has been held liable in the underlying action.")

Until liability is determined in the Rosas' underlying action against Defendants, the Court declines to rule on ANLIC's duty to indemnify Defendants. Once a determination has been made in the underlying case, ANLIC may refile its complaint, and may rely on extrinsic evidence in making its argument.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. At this point, ANLIC has a duty to defend Defendants. The Court declines to make a determination on ANLIC's duty to indemnify as doing so would be premature. If warranted, ANLIC may refile its case once the underlying lawsuit is resolved.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

_____
   **HODGE, KELLEY B., J.**